UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TRAVIS BARNETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:14CV01474 ERW |
| | ) | |
| MISSOURI DEPARTMENT OF CORRECTIONS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Travis Barnett (registration no. 1260481), an inmate at Farmington Correctional Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1. See 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will allow plaintiff to proceed with the non-frivolous portions of the complaint. *See* 28 U.S.C. 1915A(b).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's

account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has not submitted a prison account statement. As a result, the Court will require plaintiff to pay an initial filing fee of $1.00. See Henderson v. Norris, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the court with a certified copy of his prison account statement, the court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If plaintiff is unable to pay the initial partial filing fee, he must support a copy of his prison account statement in support of his claim.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In reviewing a *pro se* complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are

clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act ("ADA"). Defendants are the Missouri Department of Corrections ("MODOC") and officials of Farmington Correctional Center. Named individual defendants are Unknown Tucker (Case Manager); S. Hinkle (Correctional Officer); Unknown Shannon (Case Manager); D. Helms (Correctional Officer); and T. Villmer (Warden).

Plaintiff asserts that he is hearing impaired and that he has been denied reasonable accommodations such as auxiliary aids. He alleges that this deprivation is in violation of his Eighth and Fourteenth Amendment rights. Plaintiff claims that he has been subject to disciplinary actions for failing to respond to alarms, announcements, and commands—all of which he could not hear. Further, plaintiff alleges that defendants have retaliated against him for requesting accommodations under the ADA by putting him in administrative segregation. Plaintiff requests injunctive relief directing defendants to provide him with auxiliary aids and directing defendants to cease retaliatory actions against him. Plaintiff additionally requests compensatory and punitive damages.

## Discussion

**A.     Section 1983 Claims**

    **1.     Eighth Amendment Claims**

Taking all reasonable inferences in plaintiff's favor, the Court finds that he has stated claims for Eighth Amendment violations against the defendant officials, in their individual capacities. To state a claim for medical mistreatment under the Eighth Amendment, plaintiff must plead facts sufficient to indicate a deliberate indifference to serious medical needs. Estelle

v. Gamble, 429 U.S. 97, 106 (1976); Camberos v. Branstad, 73 F.3d 174, 175 (8th Cir. 1995). Allegations of mere negligence in giving or failing to supply medical treatment will not suffice. Estelle, 429 U.S. at 106. In order to show deliberate indifference, plaintiff must allege that he suffered objectively serious medical needs and that defendants actually knew of but deliberately disregarded those needs. Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997).

At least four circuits have recognized severe hearing loss as a serious medical need for Eighth Amendment purposes. See Gilmore v. Hodges, 738 F.3d 266 (7th Cir. 2013); Cooper v. Johnson, 255 F. App'x 891, 892 (5th Cir. 2007); Wheeler v. Butler, 209 F. App'x 14, 15 (2d Cir. 2006); Large v. Wash. Cnty. Det. Ctr., 915 F.2d 1564 (4th Cir. 1990); see also Hicks v. Keller, 2012 U.S. Dist. LEXIS 57001, 2012 WL 1414935, at *4 (D. Colo. Apr. 24, 2012) ("Plaintiff's allegations of intentional deprivation of his hearing-aid, a necessary medical devi[c]e, sufficiently state a claim that Defendant Nelson was deliberately indifferent to Plaintiff's serious medical needs."). Plaintiff has alleged that defendants were on notice of his hearing impairment based on his requests for accommodations. Accordingly, plaintiff's § 1983 claims for Eighth Amendment violations against the defendant officials, in their individual capacities, survive review under 28 U.S.C. § 1915(e).

**2.  Retaliation Claims**

Plaintiff has also alleged First Amendment retaliation claims against defendants. To succeed on his retaliation claims, plaintiff must prove that he engaged in protected activity and that defendants, to retaliate for the protected activity, took adverse action against plaintiff that would chill a person of ordinary firmness from engaging in that activity. See Revels v. Vincenz, 382 F.3d 870, 876 (8th Cir.2004), cert. denied, 546 U.S. 860 (2005). Plaintiff alleges that defendants have retaliated against him for requesting accommodations under the ADA by putting him in administrative segregation. As to plaintiff's request for monetary damages, these

allegations are sufficient to state claims for retaliation against defendants, in their individual capacities. As to plaintiff's request for injunctive relief, these claims are sufficient to state claims for retaliation against defendants, in their official capacities.

### 3. MDOC and Defendants in their Official Capacity

Plaintiff's § 1983 claims against MDOC and the other named defendants in their official capacities do not state claims for relief for monetary damages. Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989); Barket, Levy & Fine, Inc. v. St. Louis Thermal Energy Corp., 948 F.2d 1084, 1086 (8th Cir. 1991) (noting that an agency exercising power is not a "person" subject to a § 1983 suit). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." Will, 491 U.S. at 71. As a result, the complaint fails to state claims upon which relief for monetary damages can be granted against MDOC and the other defendants in their official capacities.

## B. ADA Claims

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Title II of the ADA applies to inmates in state prisons. Randolph v. Rodgers, 170 F.3d 850, 857 (8th Cir. 1999) ("Randolph I") (citing Pennsylvania Dep't of Corrections v. Yeskey, 524 U.S. 206, 209–11 (1998)).

Here, plaintiff asserts that he is hearing impaired and that he is being discriminated against through punishment for his inability to respond to alarms, announcements, and commands that he cannot hear. Because plaintiff alleges that defendants' actions in depriving

him of auxiliary aids violates his Eighth and Fourteenth Amendment rights, plaintiff's ADA claims against MDOC and the other named defendants, in their official capacities, survive review under 28 U.S.C. § 1915(e). United States v. Georgia, 546 U.S. 151, 159 (2006) (noting that "Title II [of the ADA] creates a private cause of action for damages against the States for conduct that *actually* violates the *Fourteenth Amendment*, [and thus,] Title II validly abrogates state sovereign immunity."); Randolph v. Rogers, 253 F.3d 342, 348 (8th Cir. 2001) ("Randolph II") (noting that Supreme Court precedent "permits an injunction against a state official in his official capacity to stop an ongoing violation of federal law.") (citing Ex parte Young, 209 U.S. 123, 159–60 (1908)). However, plaintiff's ADA claim against defendants in their individual capacities must be dismissed. Randolph II, 253 F.3d at 348 ("[T]he public-entity limitation [of Title II of the ADA] precludes ADA claims against state officials in their individual capacities.") (citing Alsbrook v. City of Maumelle, 184 F.3d 999, 1005 n.8 (8th Cir. 1999)).

**C.     Investigation and Audit Request**

Plaintiff additionally requests that the Court order the Department of Justice to investigate and audit Farmington Correctional Center and all other MDOC facilities where plaintiff may be held. The Court will deny this request.

**D.     Plaintiff's Motion to Compel**

The Court will deny as moot plaintiff's motion to compel [ECF No. 4] to the extent that it requests that the Court order defendants to provide plaintiff's inmate account statement. Further, the Court will deny the motion to the extent that it requests that the Court take action with respect to a petition for writ of habeas corpus plaintiff intends to file.

The Court will also deny plaintiff's motion to compel to the extent that it requests "emergency preliminary injunctive and restraining orders." Many of plaintiff's requests for injunctive relief pertain to contact with another inmate whom plaintiff asserts is helping him

draft his legal papers. "A court issues a preliminary injunction in a lawsuit to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits. Thus, a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994). Plaintiff's complaint is bereft of allegations pertaining to his contact with this inmate. Further, it is well established that prisoners have no right under the Federal Constitution to any specific classification or housing assignment. See Hewitt v. Helms, 459 U.S. 460, 468 (1983). Accordingly, the Court will deny plaintiff's request for emergency injunctive relief.

Finally, the Court will deny the motion, without prejudice, to the extent that it can be read as a request to amend plaintiff's complaint. To obtain leave to file an amended complaint, "a party must submit the proposed amendment along with its motion." Clayton v. White Hall School Dist., 778 F.2d 457, 460 (8th Cir. 1985); see Wolgin v. Simon, 722 F.2d 389, 395 (8th Cir. 1983) ("Absent some indication as to what might be added to the complaint to make it viable, the [moving party] is not entitled to leave to amend."). Plaintiff failed to submit a proposed amendment to his complaint with his motion to compel.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to compel [ECF No. 4] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $1 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison

registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint. Defendants shall be served according to the waiver agreement the Court maintains with the Missouri Attorney General's Office.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IF IS FURTHER ORDERED** that plaintiff's § 1983 claims for monetary damages against MDOC and the other named defendants in their official capacities are subject to dismissal because these claims are legally frivolous or fail to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that plaintiff's ADA claim against defendants in their individual capacities are subject to dismissal because these claims are legally frivolous or fail to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that plaintiff's requests for a federal investigation and audit are **DENIED**.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

An Order of Partial Dismissal will accompany this Memorandum and Order.

So Ordered this 23rd day of October, 2014.

                                                E. RICHARD WEBBER
                                                SENIOR UNITED STATES DISTRICT JUDGE