UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TRAVIS BARNETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:14CV01474 ERW |
| ) | |
| MISSOURI DEPARTMENT OF ) | |
| CORRECTIONS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendants' Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56(c). [ECF No. 24].

## I. BACKGROUND

Plaintiff is currently incarcerated at the South Central Correctional Center (SCCC) in Licking, MO, and was previously incarcerated at the Farmington Correctional Center (FCC) in Farmington, MO when this suit was filed. SCCC and FCCC are penitentiaries within the Missouri Department of Corrections, SCCC is in the Western District of Missouri and FCCC is in the eastern District of Missouri. Plaintiff alleges while he was in custody at FCC, Defendants disregarded his serious objective medical needs in violation of the Eighth Amendment, Defendants violated the Americans with Disabilities Act, and Defendants retaliated against him for requesting accommodations under the Americans with Disabilities Act (ADA). [ECF No. 1]. Plaintiff's Eighth Amendment claim asserts Defendants in their individual capacities violated his Eighth Amendment rights by showing deliberate indifference to his serious medical need of severe hearing loss. His ADA claim asserts he was discriminated against for his conduct violations

1

received because of his inability to respond to alarms and commands he cannot hear. Plaintiff's retaliation claim alleges when he requested ADA accommodations, and Defendants retaliated against him for placing him in administrative segregation.

Throughout all relevant times of this suit, the following Defendants have been employed at FCC: Tom Villmer as the warden, Whitney Tucker, as a case manager, Marquitte Shannon as a case manager, Devin Helms as a correctional officer, and Sheldon Hinkle as a correctional officer. [ECF No. 25-1 at ¶¶2-6].[1]

### A. Undisputed facts for the purpose of Summary Judgment

The Court finds the following facts undisputed for the purposes of Summary Judgment, and notes the Plaintiff did not file a response to Defendant's Summary Judgment motion, even after the Court issued two show cause orders instructing him to do so. FCC and MDOC have an administrative grievance procedure for prisoners to internally grieve complaints against the MDOC and its staff, and the first step in this procedure is to file an Informal Resolution Request (IRR). After an IRR has been denied, a prisoner has seven working days to file a grievance concerning his claims in this case, and if the prisoner is dissatisfied with the response to the grievance, they may file an appeal within seven working days. If an appeal is not timely field, the appeal is considered abandoned. [ECF No. 25-1 at ¶¶ 7-11].

Barnett filed two IRR's in 2014 against Villmer and Shannon, and at the resolution of each IRR, Barnett signed the IRR's indicating the IRR was resolved by discussion and was withdrawn. Each offender entering the institution is informed of the procedures for filing a grievance. Barnett

---

[1] An action under § 1983, may "be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). All Defendants work at FCC, and the conduct giving rise to the suit occurred at FCC. Therefore, venue still remains proper, even though Plaintiff has been transferred to SCCC in the Western District of Missouri.

did not file any other IRR's and did not pursue any IRR's to the grievance stage [ECF No. 25-1 ¶¶ 12-19].

Barnett alleges he has a hearing impairment which prevents him from hearing his alarm clock, and thus has received conduct violations for sleeping through the morning count of inmates. Barnett never informed FCC personnel of his hearing impairment upon his arrival to FCC. Barnett has never been diagnosed by a medical professional with hearing loss, despite testing before and during his incarceration. Barnett has slept through several inmate counts throughout the day, and generally sleeps throughout the day, claiming there is nothing else to do. He denies his medications make him tired. [ECF No. 25-1 ¶¶ 20-28].

Barnett feels like a vibrating alarm clock would accommodate his hearing issues, and alleges the doctors and nurses at Corizon have denied his request for a vibrating alarm clock. All Defendants do not work for Corizon, the medical service provider for FCC. All Defendants are not doctors or nurses, and all are employed by MDOC. Further, each Defendant never denied his request for a vibrating alarm clock. [ECF No. 25-1 ¶¶ 29-34].

Barnett acknowledges he has never received a false conduct violation for any action by him, nor has he received a conduct violation for something he did not do. He acknowledges the only time he has ever been denied privileges was when he was issued a conduct violation or sent to administrative segregation. Barnett fails to show any connection between Warden Villmer and any denial of IRR's or other work requested by Barnett. Barnett believes Warden Villmer retaliated against him because his family called while Barnett was in administrative segregation. [ECF No. 25-1 ¶¶ 35-41, 48-52].

Finally, Barnett, in his deposition, testified he was being retaliated against because of his relationship with George Biddy, an inmate who has convinced Barnett he is his father. Biddy has

3

recently been transferred to another facility, and Barnett believes Defendants have retaliated against him for his relationship with Biddy. [ECF No. 25-1 ¶¶ 42-47, 53-54].

## II. STANDARD OF REVIEW

Summary Judgment is proper only if there exists "no genuine issue as to any material fact" and the moving party is entitled to judgment as a matter of law. Fed. R. of Civ. Proc. 56(c); *Bores v. Domino's Pizza, LLC*, 530 F3d 671, 674 (8th Cir. 2008). The burden of proof is on the party moving for summary judgment, and all facts and reasonable inferences are to be viewed in the light most-favorable to the non-moving party. *Duluth, Winnipeg and Pacific Ry. Co. v. City of Orr*, 529 F.3d 794, 797 (8th Cir. 2008). "Although the moving party has the burden of demonstrating the absence of genuine issues of material fact, 'the nonmoving party may not rest upon mere denials or allegations, but must instead set forth specific facts sufficient to raise a genuine issue for trial.'" *Burchett v. Target Corp.*, 340 F.3d 510, 516 (8th Cir. 2003) *quoting Rose-Maston v. NME Hosps., Inc.*, 133 F.3d 1104, 1107 (8th Cir.1998).

Material facts are determined by substantive law, and factual disputes which are irrelevant or collateral do not preclude Summary Judgement. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986). A dispute is a genuine issue, where the evidence is such a reasonable jury could return a verdict for the nonmoving party. *Id*. at 248.

The Court may grant summary judgment if the motion and supporting materials, show the movant is entitled to relief, where the opposing party fails to properly address the moving party's assertion of fact. Fed. R. of Civ. Proc. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, (1986) (finding "Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves").

## III. DISCUSSION

Defendants move for Summary Judgment on all claims, arguing Plaintiff has failed to exhaust his administrative remedies; the 8th amendment individual capacity claims fail because Barnett cannot show Defendants were deliberately indifferent to Plaintiff's objective serious medical needs; the retaliation claim fails because Plaintiff cannot meet the elements of a claim of retaliation; and finally, Plaintiff's Americans with Disability Act claim fails, because he is not a qualified individual and he was never denied any privileges. [ECF No. 25]

*A. Failure to Exhaust Administrative Remedies*

Defendants argue the Plaintiff has failed to exhaust his administrative remedies, and therefore Summary Judgment is appropriate pursuant to §1997(e)(a) of Prison Litigation Reform Act ("PLRA"). 42 U.S.C. §1997(e)(a). The PLRA states, in pertinent part,: "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal Law by a prisoner confined in any jail, prison, or other correctional facility, until such administrative remedies as are available are exhausted." 42 U.S.C. §1997(e)(a). "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007) (*citing Porter v. Nussle*, 534 U.S. 516, 524 (2002)). "Failure to exhaust administrative remedies is an affirmative defense that, when pled and proven, 'requires immediate dismissal of all claims brought by inmates with respect to prison conditions ... under 42 U.S.C. § 1983.'" *Hahn v. Armstrong*, 407 F. App'x 77, 78 (8th Cir. 2011) (*quoting Gibson v. Weber*, 431 F.3d 339, 341 (8th Cir.2005)).

The PLRA makes it clear, the exhaustion of administrative remedies is mandatory. The plaintiff has filed two IRR's through the prisons administrative procedure, however on both IRR's he indicated the issue was resolved by discussion or withdrawn by him, and neither involved issues related to his claim in this case. [ECF No. 25-9]. Further, Plaintiff's never filed a formal grievance,

5

which is the next step in the administrative appeal process. [ECF No. 25-2 at 9, 13-14, 18]. Failure to file grievances and appeals of those grievances, means the claimant has not exhausted his administrative remedies, and Defendant's Summary Judgment motion must be granted on this issue.

Further, the Court also notes Plaintiff has not filed a response to the Defendant's Summary Judgment Motion, even after the Court issued two show cause orders instructing him to do so. The Court finds Plaintiff has failed to exhaust administrative remedies required by law, and his claims will be denied. Notwithstanding this conclusion, the court will consider his claims on the merits.

*B. Eighth Amendment Claim*

Defendants next argue the Plaintiff's Eighth Amendment claims fail because he has not shown Defendants were deliberately indifferent to his serious medical needs. To establish Defendants' conduct violates the Eighth Amendment's prohibition against cruel and unusual punishment, a Plaintiff must establish Defendants exhibited deliberate indifference to his or her serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976). Plaintiff must show, not only he has a serious objective medical need, but also Defendants knew of this need and deliberately disregarded the need. *Jolly v. Knudsen*, 205 F.3d. 1094, 1096 (8th Cir.2000). It must be more than a disagreement with the course of medical treatment, but must instead be intentional maltreatment or a refusal to provide medical care. *Warren v. Fanning*, 950 F.2d 1370, 1373 (8th Cir. 1991). A "serious medical need" is one "that has been diagnosed by a physician as requiring treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Coleman v. Rahija*, 114 F.3d. 778, 784 (8th Cir.1997) *quoting Camberos v. Branstad*, 73 F.3d. 174, 176 (8thCir.1995).

Plaintiff's Eighth Amendment claim derives from his allegations he has a hearing impairment and Defendants have failed to accommodate his impairment, thus showing deliberate indifference to him. Plaintiff did not inform prison officials at FCC of hearing issues at the beginning of his incarceration, and has never been diagnosed with hearing loss, despite testing. [ECF No. 25-1 ¶¶ 21-24]. Plaintiff admits to sleeping through inmate counts throughout the day as he claims there is nothing else to do. [ECF No. 25-1 ¶¶ 22, 26-27]. Further, Plaintiff provides no evidence, and does not claim Defendants, have ever denied his hearing be tested or his request to receive an alarm clock. [ECF No. 25-1 ¶¶ 33-34]. He instead has testified his request for an alarm clock was denied by Corizon, FCC's medical provider. [ECF No. 25-1 ¶ 30]. Plaintiff has not shown any proof any Defendants or prison officials have shown deliberate indifference to his medical needs, in violation of the Eighth Amendment. In light of the above findings, this claim does not present any material issues of fact as to Defendants' conduct, and Defendants' request of Summary Judgment will be granted with respect to Plaintiff's Eighth Amendment claims.

*C. Americans with Disabilities Act Claim*

Plaintiff also claims Defendants violated the Americans with Disabilities Act, as they failed to accommodate his hearing impairment. "To state a prima facie claim under the ADA, a plaintiff must show: 1) he is a person with a disability as defined by statute; 2) he is otherwise qualified for the benefit in question; and 3) he was excluded from the benefit due to discrimination based upon disability." *Randolph v. Rodgers*, 170 F.3d 850, 858 (8th Cir. 1999); *See* 42 U.S.C. § 12131. A qualified individual with a disability is a person with a disability who, with or without reasonable modifications to policies, meets the requirements for the receipt of services provided by a public entity. 42 U.S.C. § 12131.

Plaintiff admits he was never denied any privileges to which he was entitled, as he has never received a false conduct violation. [ECF No. 25-1 ¶¶ 33-34]. Plaintiff was only been denied privileges when he was in administrative segregation, where he was only placed in as punishment for conduct violations he actually committed. [ECF No. 25-1 ¶ 37]. Further, Plaintiff has never been diagnosed with a hearing disorder, and was tested for hearing loss both prior to and during his incarceration. [ECF No. 25-1 ¶24]. Plaintiff has not shown a prima facie claim under the ADA, because he was not denied any benefits or privileges, due to discrimination based on his disability. Plaintiff has not made a prima facie showing of a claim under the ADA, and Defendant's Summary Judgment motion must be granted on this issue.

*D. Retaliation Claim*

Plaintiff also claims Defendants retaliated against him for requesting accommodations under the Americans with Disabilities Act. A prisoner has a first amendment right to be free from retaliation for using the prison's grievance process. *Nelson v. Shuffman*, 603 F.3d 439, 449-450 (8th Cir. 2010). To prevail on such a claim, a prisoner must establish: "(1) that he engaged in a protected activity; (2) that the government official took adverse action against him that would chill a person of ordinary firmness from continuing in the activity; and (3) that the adverse action was motivated at least in part by the exercise of the protected activity." *Santiago v. Blair*, 707 F.3d 984, 991 (8th Cir. 2013) (*citing Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir.2004)). The prisoner must show the official took the action because the plaintiff engaged in protected activity, and while this is typically a jury question, it can be resolved when there is no doubt as to the result. *Revels*, 382 F.3d at 876 (quoting *Ricketts v. Columbia*, 36 F.3d 775, 779 (8th Cir.1994)). A retaliation claim fails if the Defendant can produce some evidence the plaintiff committed the violation, that is the basis for the retaliation. *Moore v. Plaster*, 266 F.3d 928, 932 (8th Cir. 2001).

Plaintiff acknowledges he has never received a false conduct violation. Therefore he cannot show any official took action which would chill him from continuing in his activity, other than conduct for actions which he would ordinarily receive discipline. [ECF No. 25-1 ¶36]. Since Plaintiff has not been denied any rights to which he was not entitled to recieve, it cannot be said Plaintiff engaged in a protected activity. Defendant has produced evidence, Plaintiff's own admission, Plaintiff committed the violations and thus Plaintiff's retaliation claim must fail.

Further, in Plaintiff's deposition he changed his theory of why he was being retaliated against. Plaintiff's petition alleges he was retaliated against for asking for accommodations on behalf of his ADA claim, but, in Plaintiff's deposition, and he now asserts he was retaliated against because of his relationship with George Biddy. [ECF No. 25-1 ¶¶45, 47]. The Court finds Plaintiff only presented a claim for retaliation on the basis of alleged retaliation after Plaintiff's request for accommodations was denied under the ADA. [ECF No. 9 at 4-5]. In any event, Plaintiff has presented no authority he has any constitutional right to association with any other particular inmate. Therefore, Plaintiff has not made a claim for retaliation, and Defendants' Motion for Summary Judgment on this issue must be granted.

## IV. CONCLUSION

Plaintiff's claims must fail because he has not failed to exhaust his administrative remedies. Plaintiff's Eighth Amendment claim is denied on the merits, as Plaintiff has presented no evidence Defendants showed deliberate indifference to his serious medical needs. His ADA Claim is also denied on the merits since Plaintiff has not shown he was denied any benefits or privileges due to discrimination, based on his alleged disability. Plaintiff's retaliation claim also must be denied on the merits because Plaintiff has not shown he was disciplined for engaging in protected activites.

Summary Judgment is granted in favor of Defendants, and all of his claims are dismissed with prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment is hereby **GRANTED**. [ECF No. 24].

So Ordered this 12th Day of May, 2016.

_____
**E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE**